UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY R. LUPO et al.**                                         **CIVIL ACTION**

**VERSUS**                                                         **NO. 23-2891**

**USAA GENERAL INDEMNITY COMPANY**                                 **SECTION: "G"(5)**
**et al.**

**ORDER AND REASONS**

Before the Court is Defendant USAA General Indemnity Company's ("USAA GIC") Motion to Dismiss for Failure to State a Claim.[1] USAA GIC argues that it should be dismissed as a defendant in this case because it did not insure Plaintiffs Jeffrey Lupo and Shannon Lupo ("Plaintiffs").[2]

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[3] Plaintiffs filed a Petition in the 24th Judicial District Court for the Parish of Jefferson on June 15, 2023 against Defendant USAA General Indemnity Company to recover damages related to their property at 3332 Massachusetts Avenue, Kenner LA 70065 ("Property").[4] In the Petition, Plaintiffs allege that Hurricane Ida caused "significant damage" to the Property.[5] Plaintiffs further allege that "Defendant provided a policy of insurance, bearing Policy Number 00713 90A (the 'Policy'),

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 10-1 at 1, 3.

[3] Rec. Doc. 1-1 at 5.

[4] *Id.* at 1–2.

[5] *Id.* at 5.

1

to Plaintiffs which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water."[6] On August 28, 2023, USAA GIC filed the instant Motion to Dismiss, arguing that since Plaintiffs have not alleged the existence of an insurance policy between Plaintiffs and USAA GIC, Plaintiffs' claims against them must be dismissed.[7] On September 5, 2023, Plaintiffs filed a First Amended Complaint naming USAA Casualty Insurance Company as a Defendant.[8]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[9] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[11]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[13] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me

---

[6] *Id.* at 5.

[7] Rec. Doc. 10.

[8] Rec. Doc. 13.

[9] Fed. R. Civ. P. 12(b)(6).

[10] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[12] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[13] *Iqbal*, 556 U.S. at 678.

accusation."[14]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[15] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[16] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[17] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[18]

The Court finds that Plaintiffs fail to state a claim against USAA GIC as the Policy Plaintiffs reference in the petition does not name USAA GIC as an insurer.[19] Rather, the Policy only names USAA Casualty Insurance Company as an insurer.[20] In addition, Plaintiffs did not file a response opposing the instant motion or raise any argument as to why USAA GIC should not be dismissed.[21]

Accordingly,

---

[14] *Id.*

[15] *Id.* at 677–78.

[16] *Id.* at 679.

[17] *Id.* at 678.

[18] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[19] Rec. Doc. 10-2 at 4.

[20] *Id.*

[21] USAA GIC filed the motion on August 28, 2023 and they set it for submission on September 20, 2023. Pursuant to Local Rule 7.5, any opposition to the motion was due on September 12, 2023.

**IT IS HEREBY ORDERED** that USAA General Indemnity Company's Motion to Dismiss for Failure to State a Claim[22] is **GRANTED**. Plaintiffs Jeffery Lupo and Shannon Lupo's claims against Defendant USAA General Indemnity Company are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this 20th day of September, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[22] Rec. Doc. 10.